**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWIN MORADIAN, ) | Case No.: 2:11-cv-00660-GMN-GWF |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| WESTERN UNITED INSURANCE COMPANY, ) | |
| d/b/a/ AAA NEVADA INSURANCE COMPANY, ) | |
| a California Corporation; and DOES I through X, ) | |
| inclusive; and ROE CORPORATIONS I through ) | |
| X, inclusive ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Before the Court is Defendant, Western United Insurance Company, d/b/a/ AAA Nevada Insurance Company's (Western United) Motion to Strike (ECF No. 5). Plaintiff Edwin Moradian filed a Response (ECF No. 10) and Defendant filed a Reply (ECF No. 12). Defendant requests that the court strike the DOE and ROE defendants, as well as paragraphs 3 through 8 of Plaintiff's Complaint, because these paragraphs only allege allegations against DOE and/or ROE defendants.

    "Generally, 'Doe' pleading is improper in federal court. *See Bogan v. Keene Corp.*, 852 F.2d 1238, 1239 (9th Cir.1988). There is no provision in the federal rules permitting the use of fictitious defendants. *Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir.1970)." *McMillan v. Department of the Interior*, 907 F.Supp. 322 (D.Nev.1995). Plaintiff has not presented a persuasive argument that would justify an exception to this general rule. Therefore, the motion to strike will be granted. Plaintiff, however, will not be precluded from later moving to amend the complaint if and when he learns the identity of the unknown defendants. Accordingly, the Court grants Defendant's Motion to Strike.

1  **IT IS HEREBY ORDERED** that Defendant, Western United Insurance Company, d/b/a/ AAA Nevada Insurance Company's Motion to Strike (ECF No. 5) is **GRANTED**.

DATED this 12th day of December, 2011.

_____
Gloria M. Navarro
United States District Judge